Crimmins, J.
Plaintiff Hanover Insurance Co. (“Hanover”) brings an action against the Massachusetts Bay Transportation Authority (“MBTA”) and Denise Duncan for reimbursement for personal injury protection (“PIP’) benefits paid to Hanover’s insured operator of a motor vehicle involved in a collision with an MBTA bus. It was stipulated that the MBTA’s driver’s negligence caused the collision and the resultant injuries sustained by Lund, the operator.
Hanover paid Lund $5252.37 in PIP benefits for medical expenses caused by the collision. Lund subsequently brought an action against the MBTA for personal injuries and accepted a settlement. Hanover’s demand for reimbursement of the PIP benefits was rejected by the defendant MBTA thus prompting the underlying action. A third-party claim was brought by the MBTA against Lund based upon her agreement to indemnify and hold harmless the MBTA from any claims arising out of the accident.
Prior to trial, Hanover moved for summary judgment. The judge denied Hanover’s motion and at trial found for the defendant. Hanover filed an Expedited Appeal pursuant to Rule 8A Dist./Mun. Cts. R.A.D.A., contending that the judge erred in not allowing Hanover’s motion for summary judgment and in finding for the defendants.
The MBTA contends on appeal that it is exempt or immune from liability in an action in tort brought by an insurer-subrogee to recover PIP benefits paid to its insured where the insured obtains a recovery for damages for pain and suffering in excess of the PIP benefits.
It was stipulated that the negligence of the MBTA’s operator was the sole cause of the injuries sustained by Lund.
The MBTA does not have, nor is it required to provide, PIP coverage. G.L.C. 90, §1A However, the mere fact that the MBTA is not required to provide PIP coverage does not exempt it from tort liability. Chipman v. MBTA, 366 Mass. 253, 258 (1974). The measure of this liability is for all pain and suffering and all damages unaffected by the “No Fault” Insurance Law, St. 1970, c. 670; Id. At 259.
Massachusetts General Laws c. 90, §34M is the statute which gives rise to Hanover’s claim as subrogee for PIP benefits paid to its insured; however, the MBTA is expressly exempted from that section by virtue of G.L.c. 90, §1A which reads in relevant part:
No motor vehicle [...] owned by a street railway company under public control, or by the commonwealth or any political subdivision thereof, shall *108 be registered under sections two to five, inclusive, unless the application therefor is accompanied by a certificate as defined in section thirty-four A
In its effect, this exemption cuts both ways. The MBTA does not enjoy the benefit of the $2,000 tort exemption and is responsible for pain and suffering and all other damages with no requirement of a threshold limit for medical bills, fractures, disfigurement or the like. On the other hand, the statutorily created right of subrogation for PIP benefits paid to an insured does not and cannot apply in view of the legislatively created exemption from the “No Fault” scheme. Finally, the insurer who pays PIP benefits may have a contractual remedy against its insured for PIP benefits paid.
There being no error of law, I would dismiss the appeal and affirm the judgment.
So ordered.